JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ALBERT B. SAMBAT (CABN 236472)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36046
San Francisco, California  94102
Telephone:     (415) 436-6669
Facsimile:     (415) 436-6687
albert.sambat@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES LEE REDDEN, JR.,<br><br>　　　　Defendant. | CR No. 07-0802 VRW<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Hearing Date:　August 7, 2008<br>Time:　　　　 2:00 p.m.<br>Judge:　　　　Hon. Vaughn R. Walker |

## I. INTRODUCTION

On December 18, 2007, a grand jury indicted defendant Charles Lee Redden, Jr., charging him with escaping from Bureau of Prisons ("BOP") custody on November 9, 2007 in violation of 18 U.S.C. § 751(a) and 4082(a).  The defendant's underlying sentence was for making a Biological Weapons Threat in violation of 18 U.S.C. §175 (a).

On March 20, 2008, the defendant entered an open plea of guilty to the indictment.  There

1  is no plea agreement in this matter.  The defendant admitted that he was in BOP custody after he
2  was transferred from a federal prison to a halfway house in San Francisco on November 1, 2007
3  to finish his sentence for a felony conviction.  He admitted that on November 9, 2008, he
4  knowingly and voluntarily left the halfway house without permission, and willfully failed to
5  return even though he was not scheduled for release.  The defendant also acknowledged that he
6  was satisfied with the advice he received from advisory counsel.  Defendant also admitted and
7  affirmed his knowing waiver of his right to counsel and asserted that his *Faretta* hearing before
8  Magistrate Judge Nandor Vadas was valid.

## II.  LEGAL STANDARD AT SENTENCING

11  Under Ninth Circuit case law, the Court should impose a sentence sufficient, but not
12  greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C.
13  § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The purposes identified
14  in § 3553(a)(2) are: to reflect the seriousness of the offense, promote respect for law and provide
15  just punishment for the offense; to afford adequate deterrence; to protect the public;  and to
16  provide the defendant with needed educational or vocational training, medical care, or other
17  correctional treatment.  *Carty*, 520 F.3d at 991; 18 U.S.C. § 3553(a)(2)(A)-(D).

18  The Court should begin the process of determining an appropriate sentence by
19  determining the correct guidelines range.  *Carty*, 520 F.3d at 991.  Once the Court determines the
20  guidelines range, it should use that range as the starting point and the initial benchmark for the
21  sentence.  *Id.*  The Court should keep the guidelines range "in mind throughout the process." *Id.*
22  The Court should allow the parties to argue for a sentence they believe is appropriate and
23  consider the factors identified in 18 U.S.C. § 3553(a).  *Id.*

24  If the Court imposes a sentence outside the guidelines range, it should ensure that its
25  justification for deviating from the range is sufficiently compelling to support the degree of
26  variance in the sentence that it imposes.  *Id.*  The Court should make an individualized
27  determination based on the facts of each case.  *Id.*  The Court, however, is not required to raise
28  every possible relevant issue sua sponte.  *Id.*  Finally, the Court should explain sufficiently the

sentence that it imposes to allow meaningful appellate review. *Id.* at 992.

## III. 15 MONTHS IMPRISONMENT IS AN APPROPRIATE SENTENCE

### A. The Correct Guidelines Range Is 15-21 Months In Prison

The United States and the U.S. Probation Office agree that the following sentencing guidelines calculation is correct:

| | |
|---|---|
| Base offense level – USSG §2P1.1(a)(1): | 13 |
| Escape was from a halfway house – USSG §2P1.1(b)(3): | -4 |
| Acceptance of responsibility – USSG §3E1.1(a): | -2 |
| Total Offense Level: | 7 |

The Probation Office found that the defendant's correct criminal history category was a CHC-VI. (PSR ¶ 48). Therefore, the Defendant's sentencing range under the Sentencing Guidelines is 15-21 months imprisonment.

### B. A Prison Sentence Of 15 Months Satisfies The 3553 Factors

#### 1. 15 Months Is Appropriate Considering The Nature And Circumstances Of The Offense, And The Defendant's History And Characteristics – 3553(a)(1)

Although the defendant's difficult childhood and his affliction with Borderline Personality Disorder and Polysubstance abuse weigh in favor of leniency, the defendant's criminal history, as well as his history of feigning mental illness warrant a sentence within the guidelines range. While the United States agrees that the Probation Office's recommendation of 18 months incarceration is warranted, given the defendant's continuous incarceration over the past 16 years, the need for him to address his substance abuse issues, as well as the fact that the defendant's chance of success in the community will require a slow transition to society, it might be more appropriate for the defendant to begin the transition sooner rather than later. The defendant has recently been accepted into the New Bridge Foundation program which can assist the defendant with his drug addiction. Furthermore, placement to a halfway house towards the end of a 15-month sentence will once again give the defendant the opportunity to be placed in a structured environment that will allow him to address his vocational and psychological issues

and begin his inevitable transition back to society.  A 15-month sentence should also provide a sufficient deterrence for him from walking away from the facility again before completing his sentence.  Therefore, the United States recommends a sentence of 15 months incarceration.

### 2. 15 Months Is Necessary To Promote Respect For The Law And To Deter Future Escapes From Halfway Houses – 3553(a)(2)(A)-(B)

Unlike prisons, halfway houses are not as secure; inmates can escape easily by walking away, as this defendant did.  The lack of security leads many defendants serving sentences in halfway houses to believe that escaping from a halfway house is not a serious crime.  However, defendants who escape from halfway houses force law enforcement authorities to waste valuable resources by conducting arrest operations that are dangerous to officers, dangerous to the escaped defendant, and dangerous to innocent third parties.  A sentence of 15 months will discourage this defendant from escaping from a halfway house at the end of his next prison sentence.  This factor is particularly important for this defendant who will need a controlled and structured environment after serving a long federal prison sentence to make a successful transition back into society.  A term of imprisonment will also deter other inmates from escaping from halfway houses when they learn that this defendant received 15 months for walking out of a halfway house.

### 3. 15 Months Is Necessary To Protect The Public From The Defendant – 3553(a)(2)(C)

The defendant has previously been convicted of making a biological weapons threat.  The defendant also has a history of sending threatening letters to federal judges and other public officials.  A sentence of 15 months will assure that the public is protected from the defendant, but will also allow the defendant to begin the slow transition to society and receive treatment for his substance abuse a little sooner in order to assure that he will eventually make a successful transition back to society.

### 4. 15 Month Sentence Will Provide the Defendant with Needed Educational or Vocational Training, Medical Care, and Correctional Treatment.

Defendant Redden has no employment history since he has been incarcerated since 1992

UNITED STATES' SENT. MEM.
CR 07-0802 VRW                                                                                                  4

and has been diagnosed with Borderline Personality Disorder and Polysubstance abuse. A 15-month term of incarceration will allow the defendant to stay in a structured environment, receive the psychiatric therapy and medicine he needs, and to receive additional educational and vocational training necessary for a successful transition back to society. A 15-month term will also allow the defendant to begin his supervised release much sooner and to partake in the New Bridge Foundation program to treat his drug addiction.

### IV. CONCLUSION

The government agrees that an 18-month sentence as recommended by the Probation Office is warranted. However, the United States recommends that a 15-month period of incarceration would be sufficient punishment for the defendant's crime and could improve the defendant's chances of making a successful transition back to society since it will allow the defendant to be placed at a halfway house and subsequently receive treatment at the New Bridge Foundation program for his addiction sooner rather than later.

DATED:   July 28, 2008

JOSEPH P. RUSSONIELLO  
United States Attorney

/s/  
ALBERT B. SAMBAT  
Special Assistant United States Attorney